ALVAREZ, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 472.—Decided February 4, 1921.

RECORD OF TITLE—ATTORNEY IN FACT—EXPRESS POWER—COMMUNITY PROPERTY.— The attorney in fact of the husband not being empowered to sell his community property, the participation in the deed of the wife's attorney in fact with sufficient power as regards her cannot supply the lack of the necessary express power in the husband's attorney.

ID.—ID.—Express power to sell community property is necessary whether the principal is the husband or the wife.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In August, 1910, Juan Ortiz Perichi, as attorney in fact of Félix Perichi, and Domingo Perichi, as attorney in fact of Catalina Perichi, the wife of Félix, sold to Pedro Alvarez two small properties for the sum of one thousand dollars. The notarial deed was presented in the registry and the registrar refused to record it because the power of attorney given to Juan Ortiz Perichi only authorized him to sell the properties of his principal and not those of the conjugal partnership, to which the properties sold belonged.

The documents submitted to the registrar give the impression that the transaction was lawful and valid, but technically the registrar is right. In order to authorize the sale of properties of the community, the power conferred must be an express power. See the cases of *Vidal* v. *Registrar of Property,* 12 P. R. R. 152, and *Rodríguez* v. *Registrar of Property,* 14 P. R. R. 754.

In his brief the appellant objects to the registrar's holding that the properties were community property, averring that "the said properties were withdrawn by Félix Perichi y Perichi from a mercantile and agricultural partnership

known as Perichi & Ortiz, as part of the capital contributed to that partnership, without consideration  *  *  *." The appellant alleges that these facts appear from a public deed of May 2, 1901, but inasmuch as this deed is only mentioned in the documents submitted to this court, without even inserting in them any part thereof for our consideration, we have before us no basis upon which to decide that question.

The appellant also maintains in his brief that the case of a wife is different from that of a husband, and that in the case of a wife an express power is necessary, but not so in the case of a husband. We can not accept this theory. As we said in the case of *Giménez* v. *Registrar,* 21 P. R. R. 314, 316, " *  *  *  the general tenor and spirit of the law in dealing with husband and wife and community property consistently negatives such idea of any further distinction."

And the appellant also alleges that inasmuch as the attorney in fact of the wife was a party to the deed and gave his consent, any defect which may have existed was thereby cured. We are of a different opinion. The participation of the wife's attorney in fact can not supply the lack of the necessary express power in the husband's attorney in fact.

By virtue of the foregoing we are obliged to affirm the decision appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.